The substance of the bill appears to be that the defendant, being on his way to North Carolina to sell a drove of horses, twenty-one in number, called at the complainant's house in February, 1807, and, being desirous to procure some money, he gave the complainant a written power of attorney to sell and transfer a land-warrant of six hundred and forty acres, or to transfer it as a pledge for money he might borrow. That the complainant borrowed from N. Taylor $30, and transferred the warrant to him in pledge for that sum with interest, and requested Taylor to lay the warrant before the commissioners for adjudication, which he afterwards did, and the warrant was adjudged valid. That he paid the $30 to the defendant, and, at his request, agreed to take the drove of horses for him from Sullivan county to Surry county in North Carolina; and, in performance of that agreement, expended $60 of his own money, for which, as well as for his own services in going and returning, he has never received any recompense. That there was a three-year-old colt amongst the defendant's horses unsalable, and not worth more than $30, which the complainant took, and left one of his own of more value in lieu thereof, and gave the defendant notice by letter. That the complainant paid Taylor the $30 and interest, and he was always ready and willing to deliver the warrant to the defendant, and transfer it to him. That in all the transactions with Taylor, he acted as agent for the defendant, and never received anything to his own use for the warrant, and that the defendant afterward agreed to let him keep the *Page 136 
colt for the $30 he had paid Taylor. But that the defendant commenced suit against him, and recovered judgment for the value of the warrant, and of the colt which was valued at $120. That Taylor was his bail in the suit, and promised to attend to it for him, as he was necessarily absent for more than two years from the State, and, before his return, judgment was obtained without any defence. The bill prays an injunction,c. The defendant admits, in his answer, giving the complainant a power to sell or mortgage the warrant to raise money, but denies ever having received any from the complainant. Admits he employed him to drive the horses to Surry county, 125 miles; but suppose he could not have spent $60. The services and expenses are not yet paid for. The complainant took the colt, but left none for him in lieu thereof. That he was worth $70 or $80. And he afterwards agreed to let the complainant keep the colt, and that his services and expenses should be allowed out of his value. He admits the complainant transferred the warrant to Taylor, but afterwards sold it to M'Kinney, and gave an order to Taylor for it, which was afterwards satisfied. That he was unable to procure the warrant from Taylor after repeated applications, and commenced an action and recovered judgment for the value of the warrant, and also $120 for the colt. That the defendant or any person for him did not, on the trial, claim any credit for services or expenses, nor has he ever presented any account or made any claim for the same. But the defendant admits he was ready and willing, and still is willing, to make such compensation as is reasonable. The injunction has been dissolved, and the complainant prays to have his money refunded. It appears from the testimony of M'Kinney, compared with that of A. Byler and T. Stewart, that the complainant had probably pledged the warrant to Taylor, and afterwards redeemed it. But it clearly appears that he *Page 137 
had sold the same warrant to M'Kinney, and gave an order on Taylor for it. That Kennedy sold it to Stewart, who sold it to Whitson, and that Taylor, who had appropriated it to his own use, delivered another for the same quantity of land to Byler by Whitson's order. It is therefore wholly immaterial whether the complainant was or was not the agent of the defendant. He sold the warrant, and never accounted with the defendant for the value, which he ought to have done. It is more difficult to arrive at any correct conclusion respecting the other points in dispute. The complainant has never been paid for his services and expenses in taking the horses to North Carolina. He says he expended $60, besides his own time and trouble. The defendant thinks this sum too much. The complainant has a colt, the property of the defendant, which he says is not worth more than $30. The defendant says he is worth $70 or $80, and that in the judgment, he was rated at $120. On these points there is no proof on either side. It was considered, as the defendant says, that the complainant's services and expenses should be allowed out of the price of the colt; and he is still willing to allow it if the amount be ascertained. If the Court should undertake to determine these points in dispute without proof, it would seem to wander from the paths of certainty into the wild regions of conjecture; under these circumstances the Court would perhaps deem it proper to refer it to a jury to ascertain the value of the colt, as well as of the services and expenses; or refer it to the clerk and master to report the value on such testimony as the parties might bring before him. But as either of these courses would occasion considerable delay, trouble, and expense to the parties, probably to a far greater amount than the sum which would be affected by such verdict or report, the Court will proceed to make a final disposition of the suit. First, then, as to the value of the colt, it is supposed that. *Page 138 
the value staled in the answer. $70 or $80, is more likely to be the true value than $30, as stated in the bill, because this last sum appears to be a low price for a horse purchased for market; and, also, because the jury, from the testimony before them, assessed his value at $120, which it is unreasonable to believe they would have done if he had been worth only the paltry sum of $30. The expense actually incurred in taking the horses from Sullivan county to Surry in North Carolina is stated by the complainant to be $60. The defendant thinks that too much, but does not say how much in his estimation the expenses would be. Considering the distance between those places, and the season in which the journey was performed, we do not think the estimate of expenses to be extravagant, and if to this sum we add $10 for the time and trouble of the complainant and his son, this will amount to the value of the colt, as estimated by the defendant. And as the jury allowed $120 for the colt, for which, in the opinion of the Court, the plaintiff at law was not entitled, let there be a decree that the defendant pay and refund to the plaintiff $120, with interest thereon from the date of the judgment until paid. It appears that no defence was made to the action at law, nor any claim to have a sum set off or allowed; and as the sum was unliquidated, and the plaintiff at law could not know whether it were the intention of the defendant to claim by a set-off or bring suit for the amount; he could not, with propriety, make an allowance which the other party might not intend to claim in that manner. If the complainant here, on being sued at law, chose to go abroad and attend to other important business, and to another suit, rather than attend to his interests here; or if he depended on an agent who neglected his trust, that is no reason why this defendant should be considered as the guardian of those interests. The costs must be paid by the complainant.